# JOHN CAMPBELL v. STATE.

No. A-4752.   Opinion Filed June 13, 1925.
(237 Pac. 133.)

M. S. Simms, John L. Ward, and George Paschal, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   The plaintiff in error, John Camp-

bell, here referred to as the defendant, was convicted in the municipal criminal court of Tulsa of the crime of vagrancy, an offense against the state under the provisions of section 1956, Comp. Stat. 1921. The jury assessed the penalty at a fine of $100, and imprisonment in the county jail for a period of 30 days. From the judgment on the verdict the defendant appeals.

The only evidence supporting the accusation was given by detectives and peace officers of Tulsa, three of whom said the defendant was engaged in the whisky business; that he had no "regular" occupation; that he was seen at various times loitering or driving a car; that he lived in a rented residence which had been raided for whisky. Two detectives said that the general reputation of the place where defendant lived as being a place where intoxicating liquor was kept for sale was bad. Another said that for a time the defendant stayed at the Colorado hotel, and that the reputation of this hotel was likewise bad.

Section 1956, Comp. Stat. 1921, the statute upon which this prosecution is based, is as follows:

"The following persons are vagrants within the meaning of this article:

"First. An idle person who lives without any means, or who has no visible support and makes no exertion to obtain a livelihood by honest employment.

"Second. Any person who strolls or loiters idly about the streets of any city, or town, having no local habitation and no honest business or employment.

"Third. Any person who strolls about to tell fortunes or to exhibit tricks not licensed by law.

"Fourth. Any common prostitute, any manager or controller of a house of prostitution or ill fame or any one employed therein as barkeeper, caller of figures for dances, or habitual frequenter thereof.

"Fifth. Any professional gambler or gambler com-

monly known as a tin-horn gambler, card player or card sharp.

"Sixth. Any person who goes about to beg alms, who is not afflicted or disabled by a physical malady or misfortune.

"Seventh. Any habitual drunkard.

"Eighth. Any person who abandons or neglects or refuses to support his family."

This statute became effective February 28, 1903, and in its original form was not separated into paragraphs. For the sake of convenience this statute was paragraphed by subsequent compilers.

In the information the defendant, in separate paragraphs, was charged with being a vagrant on the 16th day of January, 1923, by violating each and every one of the eight subdivisions of the statute above quoted.

The unfilled blank spaces which occur in several of the paragraphs or counts of the information, considered in connection with its inconsistencies and absurdities, indicate that it was a printed form for quick and convenient use, a "drag-net" information designed to cover and include every kind of vagrancy. Manifestly, this man could not be a prostitute, as charged; he could not, at one and the same time, be an idle person with no occupation and engaged in the business of fortune telling or of gambling.

These all-inclusive accusations are to be condemned, where there is no foundation in fact for some of the charges and no expectation to support some of them by proof. To hold otherwise would be to encourage perjury and be unfair to the person accused. The person who made oath to this accusation probably committed perjury, so far as the allegations related to prostitution, fortune telling, and some other things therein stated.

The defendant complains that the information is du-

plicitous, that the averments are not stated in such manner as to enable the defendant to know the specific nature of the act with which he was charged; that the information is disjunctive, ambiguous, and contradictory within the spirit and the letter of sections 2555, 2556, and 2558, Comp. Stat. 1921.

Our statute on vagrancy seems to have been borrowed from the California Code, which defines vagrancy in almost the same terms, and is in the same form, as our own. Section 647, Deering's Penal Code of California.

In the original California Code, as in our own, the description of the different acts which constitute vagrancy were all contained in one paragraph, separated by semicolons. Later, the compilers of the Codes of California, like our own, separated the statute into distinct numbered paragraphs. In the California compilations each paragraph is separated from the others by the disjunctive "or." Whether the paragraphs are so separated, or separated by semicolons only, or each paragraph closes with a period makes no difference. The omissions and commissions named in both statutes must necessarily be considered as disjunctive, because they grow out of different derelictions, many of them in no way related one to another, and each standing alone would constitute a complete charge of vagrancy.

Our statute, section 2558, Comp. Stat. 1921, provides:

"The indictment or information must charge but one offense; * * * and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

So the "means" of committing a single offense may be stated in the alternative; in other words, in the disjunctive. But the different ways or methods of committing a single offense should be stated conjunctively; using the word "and" or some equivalent expression. And, where separate acts constitute separate offenses, though of the

same character, they cannot be consolidated into a single charge. Being a prostitute may constitute vagrancy; being a tin-horn gambler, a fortune teller, a beggar, an habitual drunkard, or a wife deserter, each constitutes vagrancy. Although of the same name, they are different, distinct offenses. Slover v. Ter., 5 Okla. 506, 49 P. 1009; Barrow v. State, 17 Okla. Cr. 340, 188 P. 351, 9 A. L. R. 207; Berg v. State, 29 Okla. Cr. 112, 233 P. 497.

Whether, in this case, the pleader intended to state the means or acts constituting the offense in the conjunctive or in the disjunctive cannot be definitely ascertained from the record. Neither the word "and" nor the word "or" was used to connect the several descriptive paragraphs. The averment was that "John Campbell was unlawfully and wrongfully a vagrant in this, to wit," followed by the several paragraphs, consecutively numbered, describing different classes of vagrants. But be that as it may, the motion to quash and the demurrer to the information sufficiently called the court's attention to the defects of the information, and the demurrer should have been sustained, or the accusation reformed by striking out some of the paragraphs, so as to charge the different ways of committing one offense, possibly in the conjunctive. If the pleader intended to say that the offense was committed in one way or another, under the circumstances like this, such pleading would be too indefinite and insufficient.

As was pointed out in the Slover Case, the Legislature may simplify and prescribe modes of procedure, so long as the forms authorized are not such as will deprive the accused of his right to be confronted with a single accusation apprising him of the nature and character of the offense charged. State v. Pettit, 74 Wash. 510, 133 P. 1014; Joyce on Indictments, 442, and cases cited.

The proof in this case did not support, singly or collectively, any one or more of the paragraphs in the in-

44

formation. For the reasons stated, the cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.