# GEORGE LUCAS v. STATE.

No. A-4971.   Opinion Filed Aug. 11, 1925.
(238 Pac. 502.)

I. Hugh Nolen and Guy L. Trimble, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error will be referred to as defendant, as in the court below.   From a conviction on a charge of vagrancy under the first subdivision of section 1956, Comp. St. 1921, the defendant has appealed. The substance of the assignments of error challenge the sufficiency of the evidence to sustain the verdict.   The first subdivision of section 1956, supra, defines a vagrant as "an idle person who lives without any means, or who has no visible support and makes no exertion to obtain a livelihood by honest employment."

The defendant did not challenge the insufficiency of the evidence of the state at the conclusion thereof, but

offered evidence in his defense. The evidence on the part of the state may possibly have been sufficient to go to the jury, although it is of an inconclusive and doubtful character, some of the evidence for the state indicating that the defendant was employed at least part of the time. On the part of the defendant, Adam Bishop testified, in substance, that he had known the defendant for a year; had bought a bunch of hogs from him, paying him therefor the sum of $60. R. B. Newman testified, in substance, that he had known the defendant for more than a year; that he had helped defendant gather stock defendant had bought from the Citizens' State Bank, for which he paid $105. G. H. Farnum testified, in substance, that he had known the defendant for some three years, and that he had done work for him, and knew of him working in the field for another. John W. Williams testified that he had known the defendant some five years, and had bought hogs from him.

The defendant in his own behalf testified that he operated a service car, has been engaged in the live stock business, and was part of the time interested in the restaurant business; that for more than a year he had been in the employ of Mr. Nolen, collecting for him, gathering stock, and attending to miscellaneous business, and received therefor a salary of $100 per month; that he owned 715 acres of land in the states of Arkansas and Missouri; that he did not owe any one in Okemah, and had not asked any one for credit.

No doubt the purpose of the lawmakers in making it an offense for a person without means and without visible support to live in a community, without making an exertion to obtain a livelihood at honest employment, was to eliminate the tendency to commit crime which such condition fosters. There is much truth in the old axiom about idleness as the devil's workshop. Here, however, the evidence discloses that the defendant was employed on a salary, and a part of the time was driving a service car for hire, was buying and selling live stock, and was the owner of real estate. He

owed no one in the town, had not asked for credit, and had not solicited help, and, so far as the evidence discloses, was not disorderly in any manner. The evidence wholly fails to show that the defendant was a vagrant within the contemplation and meaning of the statute under which the information was drawn. In order to establish the offense, the proof must bring the defendant squarely within the terms of the statute defining vagrancy. Jenkins v. State, 18 Okla. Cr. 464, 196 P. 553; Armstead v. State, 11 Okla. Cr. 649, 150 P. 511.

For the reasons assigned, the case is reversed and remanded, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.