## JOHN H. WEBB v. STATE.

No. A-5368. Opinion Filed Dec. 12, 1925.
(241 Pac. 830.)

W. A. Chase and George Paschal, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of conviction, rendered in the municipal court of the city of Tulsa, for the crime of vagrancy, and sentenced to pay a fine of $25 and the costs. The errors assigned and relied upon for a reversal are the insufficiency of the information, the insufficiency of the evidence to support a conviction, and that the judgment is contrary to law and the evidence. It appears that the trial was had October 21, 1924, a jury waived by both parties, and the case tried before the court.

The information is the same as that passed on by this court in Campbell v. State, 31 Okla. Cr. 39, 237 P. 133, wherein it was held that under the statute (sections 2555, 2556, 2558, C. S. 1921) requiring indictment or information to charge one offense, information for vagrancy, under section 1956, setting out several paragraphs, consecutively numbered, describing different classes of vagrants, without using word "and" or word "or" to connect several descriptive paragraphs, was defective, and demurrer thereto should have been sustained, or it should have been reformed by striking out some of paragraphs, so as to charge different ways of committing one offense. Under the rule declared in the Campbell Case, the court erred in overruling the demurrer to the information.

The evidence of two city detectives shows that plaintiff in error, John H. Webb, was arrested at the entrance of

the Marquette Hotel in Tulsa, on October 10, 1925. Harry Sanders, one of the arresting officers, testified that he did not know whether the defendant was engaged in any business in the city of Tulsa; that he was on the streets of Tulsa; that he had not seen him working in the city of Tulsa; that, about a month before, he arrested the defendant at the Plaza Hotel in a raid, and he pleaded guilty to vagrancy and paid a fine of $15. L. W. Bewley testified:

"We saw him in the entrance of the pool hall in the Marquette Hotel. I asked him what he was doing. He said, 'I am still in the field.' I asked him, 'What field?' And he said, 'Oil field.' I said, 'What doing?' He said, 'Health officer.' I said, 'You are not any health officer in Tulsa.' He said, 'My wife is an attorney here, and I have a right to be here. I said, 'We want you at the station.' "

The state rested and the defendant moved for a judgment of acquittal in the form of a demurrer to the evidence, which was overruled.

For the defense the testimony of Simpson Hurst, president of the Shidler National Bank of Shidler, W. C. Cantrell, cashier of the First National Bank of Shidler, Sam Turner, acting mayor, H. E. Morrison, city clerk, and Henry Majors, chief of police, all of the city of Shidler, and Dr. G. W. Gross, county health officer of Osage county, and others, was to the effect that the defendant, John H. Webb, was employed for the past 2 1-2 years in the health department of the city of Shidler at a salary of $150 a month, and during that time there resided with his family, and that he was an honest, upright, and industrious citizen of the city and a man of good habits.

As a witness in his own behalf, the defendant testified that for 2 1-2 years he had been engaged as health officer by the city of Shidler, owned his own home and three other houses; that his wife was a member of the bar of Osage county, regularly engaged in the practice; that on the day

he was arrested he had registered with his wife at the Marquette Hotel in Tulsa; that when he was arrested his wife put up $230 in cash and gave a check for the balance necessary to make a deposit of $250, his bond for appearance in said court on this charge; that he was a World War veteran, with 18 months' service overseas in the Rainbow Division, having enlisted at Tulsa, and received an honorable discharge, and had lived in Oklahoma for 15 years.

The Attorney General very properly declined to offer anything in defense of the conviction and judgment in this case. It is past understanding how a court could reach the conclusion under the evidence in this case that the defendant was guilty of the offense attempted to be charged.

In Jenkins v. State, 18 Okla. Cr. 464, 196 P. 553, we said:

"Before a conviction for vagrancy against one who has lived in a community for a period of 20 years should be permitted to stand, the proof should show that he comes squarely within the terms of the statute defining a vagrant."

The judgment of the lower court is accordingly reversed, and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.