JESSIE SLOVER v. THE TERRITORY OF OKLAHOMA.

1. CONSTITUTIONAL LAW—*Indictments—Averments In.* In criminal cases the accused has the constitutional right to "be informed of the nature and cause of the accusation" against him. The indictment must set forth the

offense with clearness and all necessary certainty to apprise the accused of the crime of which he stands charged, and every ingredient of which the offense is composed must be accurately and clearly alleged. The indictment must furnish the accused with such a description of the charge as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and also to inform the court of the facts alleged so that it may decide whether they are sufficient in law to sustain a conviction should one be had.

2. SAME—*Legislative Authority—Forms.* This constitutional provision does not necssarily preclude the legislature from altering in some respects and simplifying the common law form of charging an offense, provided the form they authorize is such as to inform the accused substantially of the nature and character of the particular offense sought to be proved against him, and not to deprive him in this respect of any real or practically substantial benefit which would have been secured by the common law mode of charging the same offense.

3. DISJUNCTIVE AVERMENTS. When the statute enumerates several acts disjunctively, or several methods which, separately or together, shall constitute the offense, the indictment, if it charges more than one of them, should do so in the conjuctive; and the indictment will be held bad on demurrer when such acts or methods are stated in the disjunctive. A disjunctive allegation does not inform the accused of "the nature and cause of the accusation."

4. ROBBERY—*Indictment For.* Where, to constitute the crime of robbery in the first degree, the larceny must be commited by force or by putting the party robbed in fear of immediate personal injury, an indictment is bad, for uncertainty, that does not charge that the party robbed was in fear of *immediate personal injury,* and set forth the facts in such manner as to show what the injury feared was, and showing the danger of the injury feared to have been immediate.

5. CONJOINT ROBBERY—*Punishment For.* Under the statute of this territory robbery, when committed by two or more persons conjointly, is punishable only by imprisonment for life. It is the conjoint commission of the offense, and not a conjoint conviction or sentence, that attaches this penalty, and it is error for the court upon the conviction of one defendant of a conjoint robbery to impose a sentence of punishment by imprisonment for a less period than life.

*Error from the District Court of Canadian County.*

Jessie Slover was convicted of robbery in the first degree, sentenced to ten years' imprisonment in the penitentiary, and brings error. Reversed.

*E. T. Marsh* and *W. H. Criley,* for plaintiff in error;

*C. A. Galbraith, Attorney-General,* for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: The defendant, with one Amos Clayton, was jointly indicted for robbery. The indictment avers that the defendant "did then and there unlawfully and wrongfully, wilfully and feloniously, by means of force and fear, take from the person or immediate presence of Mrs. Nettie Newport, against her will, certain personal property, to-wit: eleven dollars in money and some chewing and smoking tobacco, all of the value of $12 in money, and then and there the personal property, goods and chattels of Albert Newport, and then and there in the lawful and peaceful possession of the said Nettie Newport, contrary to the statute," etc. Defendants demurred to the indictment on the ground that it "did not state facts sufficient to constitute a public offense." Demurrer was overruled and exception saved. Defendants were jointly tried and convicted. Clayton was granted a new trial and plaintiff in error was sentenced to a term of ten years in the penitentiary. Having moved unsuccessfully for a new trial and in arrest of judgment, he brings the case here and assigns error in the overruling of the demurrer to the indictment, and in the overruling of the motion for a new trial and in arrest of judgment.

It is objected that this indictment, stating in the disjunctive, that the property was taken from the person *or* immediate presence of Mrs. Nettie Newport, does not state that it was taken from either her person or from her immediate presence, and therefore does not state facts constituting the crime of robbery.

In criminal cases the accused has the constitutional right "to be informed of the nature and cause of the accusation." (Amendment to Const. U. S. art. VI). The indictment must set forth the offense with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged, and every ingredient of which the crime is composed must be accurately and clearly alleged. It is an elementary principle of criminal pleading that the indictment must furnish the accused with such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and also to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be had. For these facts are to be stated and set forth in the indictment with reasonable particularity of time, place and circumstances. (*United States v. Cruikshank, et al.* 92 U. S. 542; Cooley's Const. Lim. 374; Wharton's Crim. Plead. and Prac. 153.)

The constitutional provision requiring the accused, in every criminal prosecution, "to be informed of the nature of the accusation," is based upon a presumption of innocence and upon the theory that an innocent man may be indicted as well as a guilty one, and that he will not be able to prepare for trial without knowing what he is to meet. The indictment in this case does not apprise the defendant against what he is to defend himself. It does not charge that the defendants took from the person of Mrs. Newport the property specified, nor does it charge that they took the property from her immediate presence, but charges that they did one thing or another, which

can mean nothing.    The inference from the language, as used, is not that the property was taken both from her person, and from her immediate presence; but that it was taken either from her person or her immediate presence, but which the grand jury did not know and did not say. Consequently, they have left the defendants in as much doubt as they were themselves.    An indictment, the averments of which are stated in the disjunctive, as a general rule, are fatally defective.    Disjunctive allegations are those which charge that the defendant did one thing or another.    The rule is that, whenever the word "or" would leave the averment uncertain as to which of two or more things is meant, it is inadmissible.    (Bishop New Crim.  Procedure, 585).    The certainty required in an indictment precludes the adoption of an alternative statement.    If an indictment charges the defendant with one or other of two offenses in the disjunctive, as that he murdered *or* caused to be murdered, forged *or* caused to be forged; or that he broke into a barn *or* stable; or set fire to a house *or* shop, such indictment would be fatally defective for uncertainty:    (Wharton's Crim. Plead. & Prac. 161); *State v. Drake,* 30 N. J. L. 425; *State v. Fairgrieve,* 29 Mo. Apps. 643; *Thompson v. State,* 37 Ark. 408; *People v. Tomlinson,* 35 Cal 503).    Matters that are essential to give information of the nature of the accusation and essential to a description of the offense, can not be omitted:    (*People v. Olmstead,* 30 Mich. 431).    Nor can such essential matters be stated in the disjunctive.

Counsel for defendant in error calls our attention to § 18, p. 196, of the laws of 1895, which reads:    "And where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count," and contends that this provision authorizes a disjunctive form of allegation in the indictment.

The objection to this indictment is not to the *means* by which the offense is alleged to have been committed, but to the *manner* in which it is alleged to have been committed. If the statute was intended to mean what counsel contends for it, we would not be willing to concede its validity in view of the above constitutional requirements as to indictments. We may concede that this constitutional provision was not intended to prevent the legislature from dispensing with matters of form only in the description of an offense, nor with any degree of particularity of specification in the description which did not give the defendant any substantial and reliable information of the particular offense intended to be proved; nor do we hold that it would not be competent for the legislature to alter in any respect the common law form of charging an offense; but statutes simplifying the forms of indictments must be confined to the ommission only of such matters as are not essential to give information of the nature of the accusation and will not warrant the omission of averments essential to the description of the offense: (*People v. Olmstead*, 30 Mich. 431; *Brown v. People*, 29 *id.* 232; *McLaughlin v. State*, 45 Ind. 388).

We think that this indictment was bad for uncertainty, the allegations of the essentials of the offense being in the disjunctive.

II. This indictment was equally defective in another particular. The defendant is convicted of robbery in the first degree. The indictment charges the robbery to have been committed by "means of force and fear," but the fear that is essential to constitute robbery in the first degree, as defined by the statute, is: "Fear of some immediate injury to the person" of the party robbed, and the indictment must set forth the injury that was feared, as it is a part of the definition of the offense, and

aver that such fear was that the injury would be immediate.

III.   The defendant was convicted of having conjointly with one, Amos Clayton, committed the robbery. Section 2126 of the Laws of 1893, provides:

"Whenever two or more persons conjointly commit a robbery, or where the whole number of persons conjointly committing a robbery, and persons present and aiding such robbery, amount to two or more, each and either of such persons is punishable by imprisonment for life."

It is not a conjoint conviction or conjoint sentence that attaches the punishment of life imprisonment, it is the conjoint commission of the offense.   The granting of a new trial to Clayton did not authorize the court to impose upon plaintiff in error a less punishment than the statute provides.

For the reasons stated herein, the judgment of the court below is reversed and the cause remanded with instructions to sustain the demurrer to the indictment.

All the Justices concurring.