## MIKE MALADIN v. STATE.

No. A-9477. Feb. 3, 1939.

(87 P. 2d 164.)

L. G. Brewer, of Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, J. The defendant, Mike Maladin, was by information charged with the possession of spirituous, fermented, malt or intoxicating liquor; was convicted and sentenced to pay a fine of $50 and to be imprisoned in the county jail for 60 days, and appeals.

Before the case was called for trial a motion to suppress the evidence obtained by means of the search warrant was filed, claiming it was an illegal seizure. Testimony was taken in support of his motion to suppress the

evidence, and after hearing the argument of counsel the court overruled the motion, and defendant reserved an exception.

It is argued by the defendant that the search of the defendant's place of business, and where he slept, was an unlawful search and seizure for the reason that the affidavit for the search warrant did not comply with section 30, art. 2, of our Constitution, Okla. St. Ann., in properly describing the place to be searched and the things to be seized. The affidavit for the search warrant is not a model, and it is difficult to tell just what the description of the property to be searched is, or who occupied the premises to be searched.

The affidavit says that the property to be searched is occupied by Mike Maladin or parties unknown to affiant. A number of blanks are left in the affidavit, but the description is sufficient to show the metes and bounds where the property is alleged to be located, and that it is the private residence of Mike Maladin, or parties unknown to affiant.

The defendant urges the affidavit is bad because the statement is disjunctive, alleging that either the defendant or some one unknown to him occupied the premises, and cites, in support of his contention, Slover v. Territory, 5 Okla. 506, 49 P. 1009. The affidavit for the search warrant is one of those stock forms that are often filed in the courts of our state charging all of the crimes known to the prohibition laws of our state. In the sixth paragraph of the affidavit, the officer admits, if his statement is true, that he had not been doing his duty and enforcing the laws as he was sworn to enforce them. The statement being:

"Affiant further states he has observed this place for the past two weeks and has seen cars going in and coming out, during all hours of the day and night, and some

of the occupants was intoxicated, and some of them appeared to have bottles in their pockets."

If the statement made by Ed West to secure the search warrant is true, as stated in the sixth paragraph, then it is admitted by West that he had not been doing his duty. No officer who is telling the truth and admits he has been observing a place for two weeks, and saw what he states in the affidavit he claims to have seen, should decline to make an arrest or to secure the proper warrant to investigate the place, and wait for at least two weeks before getting a search warrant.

Considering the testimony in this case, which is undisputed, the defendant was running a filling station and serving lunches, and had a dance floor where parties met; bought gasoline and oils, and ate and danced. This paragraph could be absolutely true and not be a violation of our law, and there can be no reason for incorporating this in the affidavit for the purpose of trying to bolster up the affidavit to secure a search warrant. The record discloses that the affidavit for the search warrant in several places contained the same language as is in paragraph 6 in this case.

This paragraph does not allege these parties when they drove up to the defendant's place of business were sober and that they got out of their car and went in, and came out later intoxicated, nor was the allegation in that paragraph that when the parties left his place of business some had what appeared to be bottles in their pockets. That could be true and yet not be ground for securing a search warrant for the reason that the record showed the defendant was running a place of business as herein stated. Of course, this statement in paragraph 6, supra, is not such statement upon which defendant could predicate a prosecution for perjury. Suffice it to say it was an absurd statement made in an affidavit for a search warrant and the contradictory statements in another paragraph

saying that it was the residence of the defendant or some one unknown. The affidavit stated positively sufficient facts to issue the search warrant, and the court did not err in overruling the motion to suppress.

It is next urged by the defendant that the court erred in overruling his demurrer to the evidence, and his motion for a directed verdict. The evidence shows that the officers in making the search found hidden in the wall of the building, just over the door that leads from the main part of the building to a room in which the defendant slept; that it was admitted by the defendant he occupied the room as a sleeping room; the officers secured seven pints of whisky, one pint of alcohol, and one of gin. Section 2, ch. 153, S. L. 1933, page 338, 37 Okla. St. Ann. § 1, in part provides:

"It shall be unlawful for any person, individual or corporation to furnish, except as in this chapter provided, any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor, or to manufacture, sell, barter, give away or otherwise furnish any liquors or compounds of any kind or description whatsoever whether medicated or not which contain more than three and two-tenths (3.2%) per cent of alcohol, measured by weight, and which is capable of being used as a beverage. * * * "

The defendant in his testimony on his motion to suppress the evidence claims he did not know the whisky was where the officers found it; that he did not know who put it there, and that he had nothing to do with its being placed in the wall where it was found. The proof shows that he and a party who had been in partnership with him had secured a government license to sell liquors. The defendant also claims he knew nothing about this license being secured by his partner, who had not been in business with him for several months.

Many authorities are cited by the defendant to sustain his position that the judgment and sentence against

him is not sustained by the law and the evidence, and that the affidavit for the search warrant was improper and not sufficient upon which to predicate the issuing of the warrant.

The quantity of whisky found at the place of business of the defendant is a small quantity, being a gallon and a pint. In the trial of the case the state made no effort to show that the statement in the affidavit made by Ed West, as to the parties going away from the defendant's place intoxicated, and that anyone had been seen in and around the place intoxicated. The evidence in this case is sufficient to sustain a conviction, but in view of the fact that the state made no effort to show that his place of business was a place of public resort, other than that admitted by the defendant that people came there to eat, and to buy gas and oil, and to dance, or that there had been trouble of any kind or character around the defendant's place of business, we feel that the judgment in this case should be modified from a fine of $50 and 60 days in jail, to a fine of $50 and 30 days in jail, and as so modified the judgment of the trial court is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.