A. L. GRIMES, and Earnest Edmondson, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13216.

Court of Criminal Appeals of Oklahoma.

Jan. 9, 1963.

Rehearing Denied Jan. 23, 1963.

and each aiding and abetting the other break into and enter a certain store building, to-wit: Carletti's Grocery Store owned by Fred Carletti, located in Hartshorne, Pittsburg County, Oklahoma, by cutting a hole in the roof, * * * to steal therein * * * certain money kept in a safe, the personal property of one Fred Carletti, and without the knowledge or consent and against the will of him, the said Fred Carletti * * *."

The defendants were charged, tried and convicted under the provisions of Title 21 O.S.A. § 1435, which reads:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

█ In construing this statute this Court stated in Smith v. State, Okl.Cr., 347 P.2d 232, Syllabus II:

"Burglary is the forcible entry with intent to steal or to commit some other offense, and since the crime is complete when the entry is made with intent to steal, actual stealing which is only evidence of intent, is not necessary."

█ Applying the rule set forth above, we are of the opinion that the information complained of sets forth all of the necessary allegations of breaking and entering a building with the intention to steal therein and that this assignment of error is without merit.

█ It is next contended that the trial court committed reversible error when, over the objection and exception of the defendants, the court overruled their Motion for Continuance and forced them to trial with court appointed counsel who had been appointed by the court to represent them just one week prior to trial.

George L. Hill, McAlester, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Plaintiff in error, hereinafter referred to as defendants, were charged, tried by jury, found guilty and sentenced by the District Court in and for Pittsburg County to a term of Five Years imprisonment in the State Penitentiary for the Crime of Burglary in the Second Degree. From said judgment and sentence, a timely appeal has been perfected to this Court.

Preliminary hearing was set for the 12th day of September 1958, but was re-set for the 25th day of September at which time the defendants appeared in person and by counsel, Mr. Willard Gotcher; waived preliminary hearing and were bound over to the District Court of Pittsburg County.

It is first contended by the defendants that the information filed in the District Court of Pittsburg County, under which they were tried, was fatally defective by reason (1) that it failed to state any crime against the laws of the State of Oklahoma, and (2) if it stated a crime in violation of the laws of the State of Oklahoma, it failed to contain the essential allegations of Burglary in the Second Degree. The information complained of provides:

"* * * that Earnest Edmondson and A. L. Grimes, did, in Pittsburg County, State of Oklahoma, on or about the 1st day of September, in the year of our Lord, One Thousand None Hundred and Fifty-Eight (1958) and anterior to the presentment hereof, then and there unlawfully, wrongfully, wilfully, feloniously and burglariously while acting conjointly and together

It is asserted by the defendants that Mr. Gene Howard of Tulsa, Oklahoma, had been employed and paid to represent them several months prior to the date set for trial; that Mr. Howard was thoroughly familiar with the case; that he had been involuntarily recalled to military duty prior to the date set for trial, and that, although he had diligently sought leave from his commanding officer in order to be present and represent the accused on the date set for hearing, he was unable to secure the same. Further, that Mr. Howard would have been released from military service within the immediate future and would have been able to proceed to trial at that time.

It is further contended that when the court being advised of these facts, overruled the motion for continuance, the defendants were denied the right to be represented by counsel of their own choosing as guaranteed by Article 2, § 20 of the Oklahoma Constitution. We are of the opinion that this assignment is without merit. Article 2, § 20 provides:

"In all criminal prosecutions the accused * * * shall have the right to be heard by himself and counsel * *."

The right to be represented by counsel under this provision is the right to be represented by competent counsel with whom the accused have been given sufficient time to confer and prepare for trial.

In the instant case, the defendants were charged by information in the Justice of the Peace Court on the 25th day of September 1958. From that date until the 29th day of December 1960, they were represented by Mr. Willard M. Gotcher and during that period of time on application of counsel, were granted four continuances.

On the 29th day of December, 1960, the court entered an order allowing Mr. Gotcher to withdraw as counsel in the case, and thereafter, they were represented by Mr. Gene Howard of Tulsa. Mr. Howard secured a continuance May 8, 1961, and on

November 13, the case was again continued until December 4 because Mr. Howard had been recalled to active duty and was unable to appear at that time.

On December 4, 1961 the defendants sought a continuance because Mr. Howard was still unable to attend and represent them. It was at that time that the court appointed Mr. George Hill, a highly capable and respected member of the Pittsburg County Bar, to represent the defendants.

It does not appear that the defendants, although free on bond, sought to avail themselves of the opportunity to consult with Mr. Hill in his offices at McAlester, but, to the contrary they appeared in court on December 11, 1961 where for the first time they availed themselves of the opportunity of discussing their case with Mr. Hill. At that time Mr. Hill presented a motion on behalf of the defendants seeking a further continuance and offered evidence in support thereof which tended to establish that Mr. Howard was still in military service and was still unable to secure leave in order that he could be present and represent the accused. It was argued that Mr. Howard would be released from military service and that if a continuance were granted "the extention of time requested [would be] only for a period of probably less than a month, in any event a period of a very few months".

The court overruled the motion for continuance and the case proceeded to trial. From the record before us we observe that the defendants were capably represented by the court appointed counsel, but that the evidence of their guilt was overwhelming.

They were given adequate time to consult with Mr. Hill, and they cannot now urge their failure to avail themselves of this opportunity as grounds for reversal; nor, are we of the opinion that Title 50, § 501 et seq. ("The Soldiers and Sailors Civil Relief Act") is applicable in the instant case, as urged by defendants' reply brief.

The protection granted thereunder is limited to instances wherein the plaintiff or defendant is a member of the military service.[1]

"It has been uniformly held that the granting or denial of a motion for continuance is addressed to the sound discretion of the trial court, and that the actions of the trial court will not be disturbed unless it appears that he acted in an arbitrary or capricious manner." Nipp v. State, Okl.Cr., 374 P.2d 624. See also, Wilcoxon v. State, Okl. Cr., 343 P.2d 194.

We are of the opinion based upon the facts and circumstances in the instant case that the trial court did not abuse its discretion in overruling the defendants' motion for continuance.

For the reasons above set forth, the judgment and sentence appealed from is accordingly, affirmed.

NIX, P. J., and BRETT, J., concur.

---

1. The Civil Relief Act, generally known as "The Soldiers and Sailors Civil Relief Act", provides:
"At any stage thereof any action or proceeding in any court in which a person in military service is involved, [whether he is] plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person in his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." U.S.C.A. Title 50, § 521.