Alfred Eugene STONE and Theodore Ray Perry, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14504.

Court of Criminal Appeals of Oklahoma.

May 22, 1968.

Rehearing Denied June 10, 1968.

Second Rehearing Denied July 3, 1968.

Wendell E. Wightman, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

The Plaintiffs in Error, Theodore Ray Perry and Alfred Eugene Stone, hereinafter referred to as the defendants were charged by information in the District Court of Custer County with the crime of Burglary Second Degree. They were tried by a jury, found guilty, and their punishment assessed at Seven Years each in the penitentiary. From that judgment and sentence they have appealed to this Court.

The facts of the case, briefly, as recited in the brief of the Attorney General, are as follows:

"The State established its case by the testimony of eight witnesses. *R. T. Sauer*, an employee of the S & D Drug Store, testified that he had closed the Drug Store at approximately 6:00 P.M. on December 11, 1966. He testified that the coin drawer was in the cash register, that the outside light over the rear door was on and that all outside doors, including a rear screen door, were closed and locked. *C. F. Cook*, also an employee of the drug store, testified that he went to the drug store at about 6:45 p. m. on the same date to pick up a package for a late customer. He testified that before he left the store he rechecked all of the outside doors and found them to be locked. *Mayo Darnell*, an owner of the S & D Drug Store, testified that the building was in Custer County, Oklahoma, and that personal property of great value was kept therein. After the burglary, Mr. Darnell was called to the store by police officers; he then testified that he observed the rear door to the building was marked and scratched, that there were certain tools not used in the operation of his business found inside the building, and that the coin drawer had been removed from the cash register. *Ferd Earney*, a Clinton Police Dispatcher, testified that he had directed police unit 11 to the S & D Drug Store at approximately 9:30 p. m. on December 11, 1966, after he had heard unusual noises over the intercom system which was connected between the Police Department· and the S & D Drug Store. *Officer T. M. McDougall* of the Clinton Police Department testified that he was on duty the night of December 11, 1966. As part of their duties, he and his partner, Officer Albert Hayes, had checked the S & D Drug Store between 8:00 and 8:30 p. m. and found that all doors and windows were secure. Later that same evening the officer testified that he and his partner received a radio call to check the drug store. They drove to the rear of the store where the officer testified he observed the defendant Stone run into a dark space between the S & D Drug Store and an adjoining building. The officer then ordered the man out. Both defendants, Stone and Perry, came out from the dark area. The officer also testified that he found the rear screen door and rear main door open and that there were pry marks on them. Upon investigation he found several tools inside the building which could have produced the pry marks. The defendant's car was next to the building; the officer testified that more tools were found in and around the parked car. He took photographs of the rear doors and

the tools which were found in the building and in and around the defendant's car. The photographs, after proper authentication, were admitted into evidence; the tools were identified and also admitted into evidence. *Officer Albert Hayes* of the Clinton Police Department also testified. His testimony was substantially the same as that of Officer McDougall. The testimony of *Deputy Sheriff Richard Mueller* helped establish the chain of custody of the burglary tools. *Monte Green* testified that he had seen the defendants in the car found behind the burglarized store on the same day.

This was, substantially, the case presented to the jury, as the defendants offered no evidence.

Defendants have raised many allegations of error to this Court, most of which are not properly raised on appeal. We will attempt to discuss all of the meritorious allegations, however, the brief filed herein is a little difficult to follow, as the allegations are intermingled one with another. The Attorney General, in his brief, has distinguished the propositions in the following order, and we will discuss them herein in this order.

First, that the information did not state a cause of action for Burglary Second Degree. Defendants allege that the information only substantiates a charge of Breaking and Entering, or at the most, Attempted Burglary. The information complained of provides:

" * * * that Theodore Ray Perry and Alfred Eugene Stone on the 11th day of December A.D. 1966, in Custer County, State of Oklahoma, and within the jurisdiction of this Court, did then and there commit the offense of Burglary in the Second Degree in manner and form as follows, to-wit: That on or about the date aforesaid, in the County and State, aforesaid, the defendants, and each of them, did wrongfully, willfully, feloniously and burglariously, while acting in concert each with the other, in the night time, break and enter, into a certain building located at 405 Frisco Avenue in Clinton, Custer County, Oklahoma, owned by Elsie Darnell and Bertha Alma Stanley and in possession of Paul Cook and Mayo Darnell, dba S & D Drug, in which building personal property of value was kept and contained, by breaking open an outer rear door in the said building without the consent of the owner or occupants of said building with the willful and felonious intent to steal said property. * * *"

The defendants were charged, tried, and convicted under the provisions of Title 21, O.S.A. § 1435, which reads:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure * * * in which any property is kept, * * * with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

This Court has had occasion to construe this statute in a number of appeals, the most recent being the case of A. L. Grimes and Earnest Edmondson, appealed from the District Court of Pittsburg County, and cited as Grimes v. State, Okl.Cr., 377 P.2d 847. In this opinion, the Honorable Judge Bussey stated:

"In construing this statute this Court stated in Smith v. State, Okl. Cr., 347 P.2d 232, Syllabus II:

'Burglary is the forcible entry with intent to steal or to commit some other offense, and since the crime is complete when the entry is made with intent to steal, actual stealing which is only evidence of intent, is not necessary.' "

Applying this rule, we are of the opinion that the information complained of sets forth all of the necessary allegations of breaking and entering a building with the intention to steal therein, and that this assignment is without merit.

Defendants further complain of the use of the disjunctive "or" in the information;

more particularly the part that states: "* * * without the consent of the owners or occupants". However, defendants do not cite any authority to support this statement.

This Court has dealt with "disjunctive" terms in an information at great length in several cases. In the case of Austin v. State, Okl.Cr., 419 P.2d 569, this Court stated, quoting in part from Slover v. Territory of Oklahoma, 5 Okl. 506, 49 P. 1009:

"An indictment, the averments of which are stated in the disjunctive, as a general rule, is fatally defective. Disjunctive allegations are those which charge that the defendant did one thing or another. The rule is that, whenever the word 'or' would leave the averment uncertain as to which of two or more things is meant, it is inadmissible."

This would not be applicable in the instant case, as the information sufficiently alleges every element of the offense charged and sufficiently apprises defendant of what he must be prepared to meet.

The test is whether the defendant was misled by the information and whether conviction under such information exposed him to the possibility of being later put in jeopardy for the same offense. And, under this test, this Court is of the opinion that the information stated sufficient facts to allow the defendants to prepare their case, and that the complaint regarding the word "or" in the instant case is without merit.

Defendants also complain of the testimony of Officer McDougall wherein he stated that after he had ordered the defendants out of their hiding place, one of the defendants stated: *"O.K., man, you have got us, we have got no gun."*

While this Court is of the opinion that this statement is not a confession, or even—in the broadest interpretation—an admission, it is obvious that the trial court insured that the defendants had been fully accorded their constitutional rights, and

reached the conclusion that this statement was made freely and voluntarily. Defendants attempt to bring this statement under the exclusionary doctrine of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

This statement is not a *confession*. It admits nothing in connection with the burglary of the drug store. However, if it was mis-interpreted as such, it would not fall within the scope of Miranda, supra, which stated:

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

And, further:

"To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way *and is subjected to questioning*, the privilege against self-incrimination is jeopardized."

The trial judge was very careful to protect the defendant's rights. He excused the jury, and held a hearing to determine if the statement was voluntary. The case-made reflects his ruling as follows:

"The Court is of the opinion that based upon the evidence that has been presented at the time of the alleged statement this witness is testifying about, that neither of the defendants had been arrested or were in custody, nor were any questions asked or solicited by the officers of the person who made the statement, or of the defendants, and that the purported statement that this witness has testified was a voluntary statement that was made by him without request of any of the officers or anyone else, and as such it does not violate the defendants' rights under the Fifth Amendment and the Sixth Amendment of the United States Constitution, or the Constitution of the State of Oklahoma to allow such a statement to be received as evidence." (cm 56–57)

This determination was based upon questions to the witness by both counsel and by

the trial court, and this Court is of the opinion that this was a correct ruling.

 Defendants further complain that the trial court erred in not giving an instruction on "breaking and entering". It is a well-settled rule of law that instructions must conform to the law and the evidence presented in the case. The record reflects that there was no evidence presented in behalf of the defendants. The State established their case against the defendants of breaking and entering with the intent to commit the crime of Burglary, *without contradiction.* Had there been some evidence presented by the defendants, they would have been entitled to an instruction on their theory of defense. See, Fahay v. State, Okl.Cr., 288 P.2d 757.

This Court has repeatedly held:

"The trial court in giving its instructions is only bound to give instructions on those issues of law which have a bearing to the evidence of the case." Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809.

And, further, in Groom v. State, Okl.Cr., 419 P.2d 286:

"Where the trial court has instructed within the law and evidence thus established, it is neither the court's duty nor its right to instruct on speculative theories of counsel unsupported either by the evidence or the law."

The instructions must be read as a whole, and when considered as a whole, if they fairly and correctly state the law applicable to the issues presented by the evidence, they will be sufficient. Hobbs v. State, Okl.Cr., 435 P.2d 181; Bell v. State, Okl. Cr., 381 P.2d 167; and Underwood v. State, Okl.Cr., 404 P.2d 61.

Defendants' next allegation of error refers to some photographs of the damage done to the door of the building; and of the suspects' car. At the time these photographs were introduced, the defense counsel objected for the reason "the same is incompetent, irrelevant, and immaterial, no proper basis made." From then on, each time a photograph was introduced, the defense counsel stated, "same objection".

The State meticulously set forth the proper basis for each photograph as it was introduced as accurately portraying what the witness observed the night of the burglary. Defendants now complain because the condition of the door and the back of the building prior to the night in question was not introduced into evidence, and contends that this is error. Again, they cite no authority to support this allegation.

 We do not find this to be the law in Oklahoma. The general rule of admissibility of photographs is that they must be shown to be a faithful representation of the place or subject, as it existed at the time involved in the controversy. Once this is established, the admissibility of the photographs is a matter addressed to the discretion of the trial court.

 Further, the defendants failed to request a written instruction on this point; and cannot complain regarding same on appeal.

 Defendants next complain of an illegal search and seizure. To be more specific, they object to the introduction into evidence a railroad pry bar, a pick, a wrecking bar, a keyhole saw, a screw jack, and a logging chain, all of which had been taken from the open trunk of the defendant's car. This is wholly without merit, as the testimony in the record reveals the trunk lid of the car was up, and the officer stated the tools were fully exposed to his view. This observation of the burglary tools was not a search. This Court stated in Handley v. State, Okl.Cr., 430 P.2d 830:

"Evidence discovered by an officer when he is in a place where he has a legal right to be is admissible to support a charge where such evidence would be involved."

The balance of the allegations raised by the defendants in their brief relate to the competency of certain witnesses to testify. The record reveals there were no objections to any of these witnesses.

And, complaint is made of a particular question posed by the District Attorney. Again, there was no objection.

The proper procedure to preserve these questions for appeal, would have been to raise the alleged errors before the trial court. Having failed to do this, the defendants are precluded from urging the alleged error on appeal. See, Guthrey v. State, Okl.Cr., 374 P.2d 925:

> "Only those questions which were raised in trial court, and on which adverse rulings were made and exceptions taken, and which were then incorporated into motion for new trial and assigned as error in petition in error, will be considered on appeal."

This Court has carefully examined the record presented herein, and the allegations raised by the defendants, and find no error meritorious of reversal.

It is, therefore, the opinion of this Court that the judgment and sentence be, and the same is, affirmed.

BUSSEY and BRETT, JJ., concur.