Michael William **CLEARY** and Beverly Kaye Shafer, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15506.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1971.

Everett E. Berry, Stillwater, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Richard M. Muller, a/k/a Michael William Cleary, and Beverly Kaye Shafer, hereinafter referred to as defendant Cleary and defendant Shafer, were charged, tried, and convicted in the District Court of Payne County, Oklahoma for the offense of Robbery with Firearms. Defendant Cleary was sentenced to twelve (12) years imprisonment and defendant Shafer was sentenced to seven (7) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

Because of the omission of certain testimony by the designation of the Record, we are unable to recite a detailed statement of fact. Suffice it to say that defendant Shafer met one Berry Paddor, a student at Oklahoma University, concerning the purchase of marijuana. Paddor was subsequently introduced to defendant Cleary by defendant Shafer at a park in Oklahoma City. Arrangements were made between Paddor and defendant Cleary for Paddor to purchase one hundred and sixty-two (162) pounds of marijuana for Three Thousand Seven Hundred and Fifty Dollars ($3,750.00). On the evening of April 16, 1969, Paddor and Cleary drove to Lake Carl Blackwell near Stillwater, Oklahoma to complete the transaction.

Defendant Cleary then drew a gun and shot through the car window. Defendant Cleary then bound Paddor; he took the $3,750.00, threw away the car keys, and fled. Paddor subsequently reported the robbery to the Payne County Sheriff's Office, whereupon a radio bulletin was put out concerning the defendants' station wagon. The station wagon containing the two defendants was stopped on April 17, at approximately 1:40 p. m., at a road block near Elk City. Upon the search of the defendant Cleary at the Elk City Jail, .380 automatic cartridges were found in one of his shoes and a loaded pistol magazine containing .380 cartridges was found in the other shoe. Upon the arrival of the Payne County officers, a search warrant was issued for the defendants; in addition, $3,670.00 cash, a .38 Browning automatic pistol, and a pound brick of marijuana were found.

■ Defendants assert five propositions of error, only one of which we deem to have sufficient merit to be fully discussed in this opinion. In finding the other propositions to be without merit, we observe that the defendants were timely taken before a committee magistrate the day following their arrest, considering the distance involved in transporting defendants from Elk City to Stillwater. We next observe that the affidavit for search warrant was set forth in positive terms to enable the issuing magistrate to determine that probable cause existed for the issuance of the search warrant. We next observe that the remark the defendant Shafer made to defendant Cleary at the Elk City Jail was properly admitted as a spontaneous and involuntary statement. See Stone v. State, Okl.Cr., 442 P.2d 519.

■ The final two propositions assert that the trial court erred in permitting the prosecuting attorney to comment upon failure of defendants to take the stand, and further, that the prosecuting attorney appealed to the jury's passion and prejudice. The Record reflects that defense counsel in his closing argument stated:

"Now, there isn't any doubt but what Beverly and Mike were involved either in the purchase or the sale of marijuana, and such involvement is a crime, and their statements that they might make could be used against them in the prosecution of a crime involving marijuana. Now, this puts the defense in a very awkward position and I know that you can appreciate the position that the defense in [six] in." (Tr. P. 42)

Defense counsel further stated:

"She couldn't take the stand without jeopardizing herself on some other matters which are not involved in this case." (Tr. P. 50)

The prosecuting attorney thereupon responded:

"Now these defendants didn't take the witness stand, and you can—Mr. Berry has told you why, because they would have placed themselves in jeopardy of another crime . . .

"They are sitting right here. Now, have they told you anything about what happened, have they disputed any of the State's evidence in this case? They have not; they have not, except through Mr. Berry's closing argument, and always on argument you will find, Ladies and Gentlemen, that people will pick out, you know, the weakest point, why this and why that.

. . .

"And you can judge demeanor from this witness stand, and he is the only one of them that was out there that you can judge the demeanor of because nobody else was up there on the witness stand except the State's witnesses, this is the one that you've got to judge." (Tr. Pp. 61–63)

We have previously held that it is not reversible error for counsel for the State to comment on the failure of a defendant to testify, when defendant's counsel himself first commented on the fact that the defendant did not take the stand. Tilford v. State, Okl.Cr., 437 P.2d 261. In the instant case, although we can arrive at no other conclusion but that repeated references to defendant's failure to testify could have resulted in no other effect except to prejudice the jury. We, therefore, are of the opinion that justice would best be served by modifying the judgments and sentences to terms of five (5) years imprisonment, and as so modified, the judgments and sentences are affirmed.

BRETT, J., concurs.